1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| ROCKY MEL CONTRERAS, | CASE NO. 09-CV-1267 - IEG (CAB) |
|---|---|
| Plaintiff, | ORDER: |
| vs. | (1) SUA SPONTE SCREENING THE COMPLAINT AND DISMISSING IN PART WITH PREJUDICE, and |
| OMAR VAZQUEZ; and USCG Sector San Diego, | (2) DIRECTING U.S. MARSHAL SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND FED. R. CIV. P. 4(c)(3). |
| Defendant. | |

Plaintiff commenced this action on June 10, 2009, alleging that Defendants Omar Vazquez (acting in his individual and official capacities) and United States Coast Guard, Sector San Diego violated his due process rights under the Fifth Amendment. [Doc. No. 1]. On September 2, 2009, the Court sua sponte dismissed with leave to amend Plaintiff's claims against the U.S. Coast Guard and Omar Vazquez in his official capacity. [Doc. No. 7]. Currently before the Court is Plaintiff's First Amended Complaint, filed on September 21, 2009. [Doc. No. 8]. Having considered Plaintiff's arguments and for the reasons discussed below, the Court sua sponte DISMISSES IN PART with prejudice Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim.

## I.   Subject matter jurisdiction

The Court dismissed in part Plaintiff's original complaint because of lack of subject matter jurisdiction over the claims against the U.S. Coast Guard and Omar Vazquez in his official capacity.

In his First Amended Complaint, Plaintiff re-alleges that jurisdiction is proper under 28 U.S.C. § 1343[1] ("Section 1343") and 42 U.S.C. § 1983 ("Section 1983"). These attestations, however, are insufficient to overcome the problems that the Court noted when it sua sponte dismissed Plaintiff's original complaint.

First, the Court notes that Section 1983 is not a jurisdictional grant. <u>See</u> <u>Cervoni v. Sec'y of Health, Ed. & Welfare</u>, 581 F.2d 1010, 1019 (1st Cir. 1978). Rather, the grant of jurisdiction for courts to hear cases under Section 1983 is found in Section 1343(a)(3). <u>See</u> <u>Golden State Transit Corp. v. City of Los Angeles</u>, 493 U.S. 103, 107 n.4 (1989); <u>Chapman v. Houston Welfare Rights Org.</u>, 441 U.S. 600, 607-08 (1979). Specifically, Section 1343(a)(3) provides district courts with original jurisdiction over:

> any civil action authorized by law to be commenced by any person ... [t]o redress the deprivation, *under color of any State law*, statute, ordinance, regulation, custom, or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States.

28 U.S.C. § 1343(a)(3) (emphasis added). Thus, by its specific language, Section 1343(a)(3) provides a jurisdictional basis only over claims against state officials, and not against federal officials or agencies. <u>See</u> <u>Redd v. Lambert</u>, 674 F.2d 1032, 1035 (5th Cir. 1982) (citing <u>Chapman</u>, 441 U.S. 600); <u>Cervoni</u>, 581 F.2d at 1019 ("[N]either § 1983 nor its jurisdictional counterpart, 28 U.S.C. § 1343(3), constitutes an applicable basis for jurisdiction since they do not concern actions against federal officers." (citation omitted)). Therefore, Section 1343(a)(3) cannot be the basis for Plaintiff's claims against the U.S. Coast Guard and Omar Vazquez in his official capacity.

Second, the Court reiterates that Plaintiff's claims against the U.S. Coast Guard and Omar Vazquez in his official capacity fail because of the doctrine of sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." <u>FDIC v. Meyer</u>, 510 U.S. 471, 475 (1994). "Any waiver of immunity must be 'unequivocally expressed,' and any

---

[1] It is unclear which sub-section of Section 1343 Plaintiff relies on. The First Amended Complaint states that jurisdiction is invoked pursuant to "28 USC Sec. 1343(a)(1)(3)," which is not a valid sub-section. Rather, it seems that Plaintiff is proceeding under sub-section 1343(a)(3), which is the jurisdictional grant for Section 1983 causes of action. <u>See</u> <u>Golden State Transit Corp. v. City of Los Angeles</u>, 493 U.S. 103, 107 n.4 (1989); <u>Chapman v. Houston Welfare Rights Org.</u>, 441 U.S. 600, 607-08 (1979).

limitations and conditions upon the waiver 'must be strictly observed and exceptions thereto are not to be implied.'" <u>Hodge v. Dalton</u>, 107 F.3d 705, 707 (9th Cir. 1997) (quoting <u>Lehman v. Nakshian</u>, 453 U.S. 156, 160-61 (1981)). The doctrine of sovereign immunity extends equally to federal agencies and federal employees acting within their official capacities. <u>Id.</u>

Plaintiff's First Amended Complaint fails to cite to any authority from which a waiver of immunity may be found with respect to his constitutional claims. Notably, Section 1343 does not constitute a waiver of the sovereign immunity of the United States. <u>See</u> <u>Salazar v. Heckler</u>, 787 F.2d 527, 528 (10th Cir. 1986); <u>Beale v. Blount</u>, 461 F.2d 1133, 1138 (5th Cir. 1972). The Court therefore lacks subject matter jurisdiction over and **DISMISSES** with prejudice the claims against the U.S. Coast Guard and Omar Vazquez in his official capacity. <u>See</u> <u>McCarthy v. United States</u>, 850 F.2d 558, 560 (9th Cir. 1998) ("The question whether the United States has waived its sovereign immunity against suits for damages is, in the first instance, a question of subject matter jurisdiction.").

## II.     Failure to state a claim

Moreover, as the Court indicated when it dismissed in part Plaintiff's original complaint, the Court is under a continuing duty to dismiss an *in forma pauperis* case "any time" the Court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In the present case, on the facts alleged, the Court finds that there is no claim for monetary damages that Plaintiff can state against the U.S. Coast Guard and Omar Vazquez in his official capacity. Even if the Court construes Plaintiff's § 1983 action as a claim under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), that cause of action for monetary damages is not available against a federal agency or a federal official acting in his official capacity. <u>See</u> <u>FDIC</u>, 510 U.S. at 485-86; <u>Daly-Murphy v. Winston</u>, 837 F.2d 348, 355-56 (9th Cir. 1988). Accordingly, the Court **DISMISSES** with prejudice the claims against the U.S. Coast Guard and Omar Vazquez in his official capacity for failure to state a claim.

## III.    Service pursuant to 28 U.S.C. § 1915(d)

Because Plaintiff's First Amended Complaint appears to state a valid claim under <u>Bivens</u> against Omar Vazquez in his individual capacity, this claim survives the sua sponte screening under 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b). <u>See</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126-27 (9th Cir. 2000)

1   (en banc). Accordingly, the Court finds that Plaintiff is entitled to U.S. Marshal service on his behalf.

2   <u>See</u> 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all

3   duties in [*in forma pauperis*] cases."); FED. R. CIV. P. 4(c)(3). Plaintiff is cautioned, however, that "the

4   sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent

5   Rule 12(b)(6) motion that the defendant may choose to bring." <u>Teahan v. Wilhelm</u>, 481 F. Supp. 2d

6   1115, 1119 (S.D. Cal. 2007).

### IV.   Conclusion

8        For the foregoing reasons, the Court sua sponte **DISMISSES IN PART** with prejudice

9   Plaintiff's complaint with regard to the U.S. Coast Guard and Omar Vazquez in his official capacity.

10   The Court finds, however, that Plaintiff is entitled to U.S. Marshal service on his behalf with regard

11   to the remaining claim against Omar Vazquez in his individual capacity. Accordingly, the Court orders

12   as follows:

13        (1)    The Clerk of Court shall issue summons as to Plaintiff's First Amended Complaint

14   [Doc. No. 8] upon Defendant Omar Vazquez (sued in his individual capacity) and shall forward it to

15   Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk shall provide Plaintiff with

16   a certified copy of this Order and a certified copy of his First Amended Complaint and the summons

17   for purposes of serving Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to

18   complete the Form 285 as completely and accurately as possible, and to return it to the U.S. Marshal

19   according to the instructions provided by the Clerk in the letter accompanying his IFP Package.

20   Thereafter, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon

21   Defendant as directed by Plaintiff on the Form 285s. All costs of service shall be advanced by the

22   United States. <u>See</u> 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3).

23        (2)    Defendant Omar Vazquez (sued in his individual capacity) is thereafter ORDERED

24   to reply to Plaintiff's First Amended Complaint within the applicable time under Federal Rule of Civil

25   Procedure 12(a).

26        (3)    Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel,

27   upon Defendant's counsel, a copy of every further pleading or other document submitted for

28   consideration of the Court. Plaintiff shall include with the original paper to be filed with the

1   Clerk of the Court a certificate stating the manner in which a true and correct copy of any

2   document was served on Defendant, or counsel for Defendant, and the date of service.  Any

3   paper received by the Court which has not been filed with the Clerk or which fails to include

4   a Certificate of Service will be disregarded.

5        **IT IS SO ORDERED.**

6

7   **DATED:  October 7, 2009**

8   **IRMA E. GONZALEZ, Chief Judge**
    **United States District Court**

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28