**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROCKY MEL CONTRERAS,<br><br>                              Plaintiff,<br><br>vs.<br><br>OMAR VAZQUEZ; and USCG SECTOR SAN DIEGO,<br><br>                              Defendants. | CASE NO. 09-CV-1267 - IEG (CAB)<br><br>ORDER:<br><br>(1) GRANTING LEAVE TO AMEND [Doc. No. 36]; and<br><br>(2) DENYING AS MOOT MOTION TO DISMISS AND IN THE ALTERNATIVE FOR SUMMARY JUDGMENT [Doc. Nos. 32, 33]. |

Currently before the Court is Plaintiff's document, received on January 28, 2010, which has a proposed Second Amended Complaint attached as an exhibit. [Doc. No. 36]. The Court construes the document as Plaintiff's motion for leave to file second amend complaint. For the reasons set forth below, the Court **GRANTS** leave to amend and accordingly **DENIES AS MOOT** Defendant's pending Motion to Dismiss and in the Alternative for Summary Judgment.

**BACKGROUND**

Plaintiff initially commenced this action on June 10, 2009, alleging Defendants Omar Vazquez (acting in both his individual and official capacities) and the U.S. Coast Guard, Sector San Diego, violated his due process rights under the Fifth Amendment. [Doc. No. 1]. On September 21, 2009, after the Court *sua sponte* dismissed Plaintiff's claims against the U.S. Coast Guard and Omar

1  Vazquez in his official capacity, Plaintiff filed his First Amended Complaint. [Doc. No. 8]. On
2  October 7, 2009, the Court found Plaintiff's amended complaint again failed to assert any basis upon
3  which the Court could exercise subject matter jurisdiction over the claims against the U.S. Coast
4  Guard and Omar Vazquez in his official capacity. [Doc. No. 10]. Accordingly, the Court dismissed
5  Plaintiff's claims against those Defendants with prejudice and ordered service of Plaintiff's First
6  Amended Complaint upon Defendant Vazquez in his individual capacity. [Id.]

7  Subsequently, Plaintiff made additional attempts to amend his complaint while still in the
8  process of serving Defendant Vazquez. On December 2, 2009, the Court denied without prejudice
9  Plaintiff's motion to amend, indicating that Plaintiff may renew his motion as long as he attaches his
10 proposed second amended complaint as an exhibit. [Doc. No. 18]. On December 29, 2009, the Court
11 again denied Plaintiff's motion to amend, and directed Plaintiff not to file any additional motions to
12 amend until such time as service of the First Amended Complaint on Defendant Vazquez has been
13 completed. [Doc. No. 25]. On January 12, 2010, the summons for Defendant Vazquez were returned
14 executed, indicating that Defendant was served on January 7, 2010. [Doc. No. 31]. On January 14,
15 2010, Vazquez filed a Motion to Dismiss and in the Alternative for Summary Judgment, which the
16 Court scheduled to be heard on March 1, 2010 at 10:30 a.m. [Doc. Nos. 32, 33]. On January 28, 2010,
17 Plaintiff filed the present document–which the Court now construes as a motion to amend–with a
18 proposed Second Amended Complaint attached as an exhibit. [Doc. No. 36].

19                                    **LEGAL STANDARD**

20 Fed. R. Civ. P. 15(a) allows a party to amend its pleading with leave of court after the period
21 for amendment as a matter of course has expired. See FED. R. CIV. P. 15(a)(2). Pursuant to Rule 15(a),
22 "[t]he court should freely give leave when justice so requires." Id. The Ninth Circuit has construed
23 this broadly, requiring that leave to amend be granted with "extreme liberality." Morongo Band of
24 Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (citation omitted); Poling v. Morgan,
25 829 F.2d 882, 886 (9th Cir. 1987) (noting "the strong policy permitting amendment" (citation
26 omitted)). This broad discretion "must be guided by the underlying purpose of Rule 15 to facilitate
27 decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d
28 977, 979 (9th Cir. 1981) (citing Conley v. Gibson, 355 U.S. 41, 47-48 (1957)).

The Supreme Court has articulated five factors that the court should consider in deciding whether to grant leave to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the party has previously amended its pleadings. Forman v. Davis, 371 U.S. 178, 182 (1962); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051-52 (9th Cir. 2003). Not all factors merit equal weight, however. Eminence Capital, 316 F.3d at 1052. "Prejudice is the 'touchstone of the inquiry under rule 15(a)'" and "carries the greatest weight." Id. (citations omitted). Nevertheless, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995).

**DISCUSSION**

No prejudice will result in allowing Plaintiff to amend his complaint. In considering the potential prejudice of the amendment, the Court considers whether the amended complaint would "greatly change the parties' positions in the action, and require the assertion of new defenses." See Phoenix Solutions, Inc. v. Sony Elec., Inc., 637 F. Supp. 2d 683, 690 (N.D. Cal. 2009) (citing Morongo Band of Mission Indians, 893 F.2d at 1079). Notably, "where a defendant is on notice of the facts contained in an amendment to a complaint, there is no serious prejudice to defendant in allowing the amendment." Sierra Club v. Union Oil Co. of Cal., 813 F.2d 1480, 1493 (9th Cir. 1987), vacated on other grounds by 485 U.S. 931 (1988). In the present case, although the amended complaint adds two more causes of action, those causes of action stem from the same operative facts as the rest of the complaint. The addition of these claims would not require assertion of new defenses by Defendant.

Moreover, Defendant Vazquez cannot claim prejudice because he was on notice that Plaintiff has been trying to amend his complaint since December 1, 2009. [See Doc. No. 17]. Although the Court denied Plaintiff's two prior attempts to amend, the Court expressly noted that Plaintiff may renew his motion as long as he waits until Defendant Vazquez is served and as long as he attached the proposed second amended complaint as an exhibit. [See Doc. Nos. 18, 25]. Plaintiff followed the Court's directions, and now seeks to amend his complaint to make it more coherent.

Finally, there is no indication that the present motion to amend was filed in bad faith, or that it would result in undue delay. Apart from the Defendant's motion to dismiss, which was filed only two weeks ago, there have been no other major developments in this case.

**CONCLUSION**

For the foregoing reasons, the Court construes Plaintiff's document as a motion to amend and **GRANTS** Plaintiff leave to file second amended complaint. The Clerk of Court is directed to file Plaintiff's Second Amended Complaint, which is attached as Exhibit 1 to Plaintiff's document entitled "Table of Contents for Exhibit of 2nd Amended Complaint." [Doc. No. 36]. In light of this, the Court **DENIES AS MOOT** Defendant's Motion to Dismiss and in the Alternative for Summary Judgment.

Plaintiff is cautioned, however, that absent exceptional circumstances, no additional leave to amend will be granted until the Court can consider the Second Amended Complaint on its merits,

**IT IS SO ORDERED.**

DATED: February 2, 2010

*[signature]*
IRMA E. GONZALEZ, Chief Judge
United States District Court